IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

ELAINE G. WELSH                                                     PLAINTIFF

v.                                                      CIVIL ACTION NO. 2:10cv40-TSL-MTP

PFIZER, INC., WYETH, INC., and                            DEFENDANTS
JOHN DOES 1-10

**ORDER**

THIS MATTER is before the Court on the parties' [30] Joint Motion to Stay Expert Designation Deadlines. For the reasons which follow, the motion will be granted in part and denied in part.

On June 8, 2011, a case management conference was held with all parties participating. A [20] Case Management Order was subsequently entered. The order reflected the parties' positions that no early motions were anticipated which would affect the scope of discovery or otherwise expedite the resolution of this matter.

Expert deadlines were set in the case management order. The plaintiff's expert designation deadline was set for October 1, 2011 and the defendants' deadline was set for November 15, 2011. The parties now announce via this motion that they have agreed to "informally" disregard the deadlines previously set by the Court's order. They argue that it would be a waste of resources to designate experts now with a summary judgment motion on the table. If this action is dismissed, they observe, the parties will not have incurred the costs of experts.

However, the Court is just as concerned with the possibility that the motion will not be

granted and desires that the case be ready for trial in that event. The pendency of a motion for summary judgement is not a ground for suspending case deadlines. *See*, *e.g.*, *LeBoeuf v. Planet Insurance Co.*, 913 F. Supp. 509, 514 n.3 (S.D. Tex. 1996) (discussing the reality of modern litigation).[1]  Were it otherwise, the Court would be faced with staying deadlines after every dispositive motion with no progress being made toward preparing the case for trial.

As this case was filed nearly twenty months ago, the Court finds that the current trial schedule should be maintained so that the matter may proceed to a disposition without further delay.  The Court will grant the alternative relief requested, in part, and will extend the plaintiff's expert designation deadline to November 26, 2011.  The defendant's expert designation deadline will be extended to January 15, 2012.  Any other relief requested is denied.

**SO ORDERED** this the 25th day of October, 2011.

s/Michael T. Parker
United States Magistrate Judge

---

[1] Our local rules further provide that a general stay of discovery is not granted even for threshold motions such as a motion to dismiss for lack of jurisdiction unless "filed at least seven days before the Case Management Conference or the movant will be deemed to have waived the stay provision of subsection (B)." *See* L. U. Civ. R. 16(b)(3)(A).