```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF MISSISSIPPI
                 HATTIESBURG DIVISION
```

ELAINE G. WELSH                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 2:10CV40TSL-MTP

PFIZER, INC., WYETH, LLC
AND JOHN DOES 1-10                                       DEFENDANT

                            CORRECTED
                  <u>MEMORANDUM OPINION AND ORDER</u>

    This cause is before the court on the motion of defendant Wyeth, LLC for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the basis of the statute of limitations. Plaintiff Elaine G. Welsh has responded to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be granted.

    Plaintiff Elaine Welsh took various hormone replacement therapy (HRT) medications to relieve menopausal symptoms, including the Wyeth-manufactured Prempro, from 1991 until her diagnosis with breast cancer on April 28, 2000.[1] On April 21, 2004, nearly four years after her breast cancer diagnosis,[2] Ms.

---

[1] Ms. Welsh took Prempro for a period of approximately fourteen months during 1996 and 1997. Wyeth notes in its motion that it also manufactured Premarin, another HRT medication, which Ms. Welsh took for several months in 1995.

[2] Ms. Welsh had a successful surgery for the breast cancer, and has remained free of breast cancer since her surgery.

Welsh filed the present lawsuit alleging her breast cancer was caused by Prempro.[3] Ms. Welsh has asserted products liability claims (including negligence, strict liability and breach of warranty), as well as claims for negligent and fraudulent misrepresentations, based on allegations that Wyeth knew or should have known that Prempro caused breast cancer and yet concealed and/or affirmatively misrepresented the risks posed by the drug. Wyeth has moved for summary judgment, contending that plaintiff's claims are barred by the three-year statute of limitations in Mississippi Code Annotated § 15-1-49.

The parties agree that the applicable statute of limitations for all of the claims asserted by plaintiff is the general three-year statute of limitations set forth in Mississippi Code Annotated § 15-1-49. See § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."). Their dispute centers on the when the limitations

---

[3] In addition to Wyeth, plaintiff has named as a defendant Pfizer, Inc., apparently on the basis that Wyeth is a wholly-owned subsidiary of Pfizer, and that Pfizer has assumed responsibility for all Wyeth's obligations. In its motion, Wyeth asserts that Pfizer should be dismissed along with Wyeth on the basis fo the statute of limitations having expired. As plaintiff acknowledges in her response that Pfizer is sued herein on the basis that it controls Wyeth LLC and is responsible for all its obligations, it follows that if Wyeth is entitled to dismissal on statute of limitations grounds, then so, too, is Pfizer.

period commenced.  Section 15-1-49(2) establishes a latent injury discovery rule, stating,

> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Miss. Code Ann. § 15-1-49(2).  There is no dispute that this rule applies in this case.  Wyeth argues that plaintiff's claims accrued on the date of diagnosis of her breast cancer since that is the date on which she discovered "the injury."  Plaintiff asserts she was unaware of her cause of action until sometime after July 2002, when published reports of the results of a Women's Health Initiative (WHI) study first linked HRT drugs to breast cancer.  She contends it was then that she first knew or should (or could) have known that there was a causal link between HRT drugs and breast cancer and thus that this was the first date on which she knew or should have known that she had a "legally recognizable injury."[4]

---

[4] The court acknowledges plaintiff's argument that Wyeth waived the statute of limitations defense by failing to timely pursue it.  The court rejected this same argument in Bryant v. Wyeth, Inc., where it held there was no waiver because Wyeth had raised the defense at a "pragmatically sufficient time," so that the plaintiff was not prejudiced in her ability to respond.  816 F. Supp. 2d 329, 333 (S.D. Miss. 2011) (citations omitted).

However, the argument that a cause of action involving a latent injury does not accrue under § 15-1-49(2) until the would-be plaintiff discovers or reasonably should have discovered both the injury and the cause of her injury has been repeatedly rejected by the Mississippi Supreme Court, the Fifth Circuit and this court.  See <u>Angle v. Koppers, Inc.</u>, 42 So. 3d 1, 3 (Miss. 2010) (holding that a cause of action for recovery on account of latent disease or injury "accrues upon discovery of the injury, not discovery of the injury and its cause"); <u>Lincoln Electric Co. v. McLemore</u>, 54 So. 3d 833 (Miss. 2010) (holding that "...Section 15-1-49 does not require a plaintiff to know the cause of the injury before accrual of the cause of action[,]" and thus "...knowledge of the cause of an injury is irrelevant to the analysis [under §15-1-49(2)"); <u>Owens-Illinois, Inc. v. Edwards</u>, 573 So. 2d 704, 709 (Miss. 1990) (stating that "[t]he cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease....  Though the cause of the injury and the causative relationship between the injury and the injurious act or product may also be ascertainable on this date, these facts are not applicable under § 15-1-49(2)..."); <u>Barnes v. Koppers, Inc.</u>, 534 F.3d 357 (5th Cir. 2008) (stating that "[u]nder § 15-1-49, a cause of action accrues when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause."); <u>Bryant v. Wyeth</u>, 816

F. Supp. 2d 329 (S.D. Miss. 2011), aff'd, 2012 WL 3854550, 1 (5th Cir. Sept. 5, 2012) (holding that under § 15-1-49(2), a cause of action accrues "when the plaintiff has knowledge of the injury, not knowledge of the injury and its cause"); Hewitt v. Wyeth, No. 5:03CV333TSL-MTP (S.D. Miss. July 7, 2011) (same).  In fact, just like this case, Bryant and Hewitt involved claims against Wyeth based on allegations that its HRT product(s) caused the plaintiffs' breast cancers.  This court concluded that under § 15-1-49(2), the plaintiffs' claims for recovery based on the allegation that their cancers were caused by Wyeth-manufactured HRT medications were time-barred since the plaintiffs filed their lawsuits more than three years after their respective diagnoses with breast cancer, notwithstanding allegations that they neither knew nor (according to their allegations) reasonably should (or could) have known that the Wyeth HRT drugs they had taken had caused their cancers.  For the reasons set forth in Bryant and Hewitt, and in all of the cited authorities, the court rejects plaintiff's argument herein that her claims accrued not when she learned that she had breast cancer but rather later, in July 2002, when she claims she learned, or reasonably could have learned of the causal link between Wyeth's HRT products and breast cancer.

The court thus concludes that all of plaintiff's claims accrued on April 28, 2000, the date she was diagnosed with breast cancer.  Plaintiff did not bring her claims within the three-year

limitations period. Nevertheless, plaintiff submits that her claims are timely because Wyeth's fraudulent concealment tolled the running of the limitations period. Mississippi Code Annotated § 15-1-67 provides tolling for fraudulent concealment:

> If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Miss. Code Ann. § 15-1-67. "To establish fraudulent concealment, plaintiff must demonstrate (1) that defendant[] acted affirmatively to conceal the fraud; and (2) that plaintiff[] could not have discovered the alleged fraud with the exercise of due diligence." Liddell v. First Family Financial Servs., Inc., 146 Fed. Appx. 748, 750, 2005 WL 2044555, 1 (5th Cir. 2005) (quoting Stephens v. Equitable Life Assurance Soc'y, 850 So. 2d 78, 82 (Miss. 2003)). Plaintiff argues that fraudulent concealment tolling applies in this case because Wyeth undertook affirmative acts to conceal the fact that Prempro causes breast cancer. In Bryant, the court explained that

> [t]he requirement of proof of an affirmative act refers not to proof of the act that gives rise to the claim but rather to a subsequent affirmative act of concealment. See Liddell v. First Family Financial Servs., Inc., 146 Fed. Appx. 748, 751, 2005 WL 2044555, 2 (5th Cir. 2005) (highlighting that part of Mississippi fraudulent concealment doctrine requiring that affirmative acts of concealment must occur "after the transactions at issue"); Ross v. Citifinancial, Inc., 344 F.3d 458, 464 (5th Cir. 2003) ("Mississippi law is unambiguous:

>    Plaintiffs must prove a subsequent affirmative act of
>    fraudulent concealment to toll the limitations.").

Bryant, 816 F. Supp. 2d at 335.  Here, plaintiff has offered no evidence of any subsequent affirmative act of concealment and has therefore failed to support her claim of fraudulent concealment. Since there is no proof of fraudulent concealment, the running of the statute of limitations on plaintiff's causes of action was not tolled.[5]

Accordingly, based on the foregoing, it is ordered that Wyeth's motion for summary judgment is granted.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 21st day of December, 2012.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff's argument that summary judgment is premature in view of the fact that case-specific discovery is incomplete is not well taken.  Completion of discovery is not a prerequisite to summary judgment, and plaintiff has not purported to make the showing required by Federal Rule of Civil Procedure 56(d).